Filed 4/22/13  P. v. Palmer CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANK WILLIAM PALMER,<br><br>    Defendant and Appellant. | B244167<br><br>(Los Angeles County<br>Super. Ct. No. KA092597) |

THE COURT:*

Defendant and appellant Frank William Palmer (defendant) appeals from the denial of his postjudgment motion to increase his award of presentence custody credit. His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues and requesting a court review of the record.  On December 18, 2012, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter. We have reviewed the entire record and as we have found no error or arguable issues, we affirm the judgment.

---

*      BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

In an eight-count amended information defendant was charged with seven felonies and one misdemeanor, all committed in August 2010. The information alleged for purposes of Penal Code section 667.5, subdivision (b),[1] that defendant had suffered eight prior felony convictions and prison terms. Pursuant to a plea agreement under which defendant would be sentenced to eight years in prison, defendant entered a plea of nolo contendere to first degree residential burglary in violation of section 459, as alleged in count 1, and to unlawfully driving or taking an automobile with a prior conviction, in violation of section 666.5, as alleged in count 5. In addition, defendant admitted four prior felony convictions.

On May 10, 2011, the trial court sentenced defendant to the agreed upon eight years in prison, imposed mandatory fines and fees, and awarded defendant 342 days of presentence custody credit, consisting of 228 actual days in custody and 114 conduct credits. The remaining counts were dismissed.

In July 2012, defendant filed a motion to increase the number of conduct credits to 228, a number equal to the actual days in custody. The trial court found that defendant was not entitled to conduct credit equal to 100 percent of actual time in custody, based upon the law in effect on the date of his offense;[2] but the court did find that defendant's actual custody time had not been calculated correctly, and that he should have been given 259 days. The trial court thus granted relief by correcting the judgment to reflect 259 days of actual custody and 128 days of conduct credit for a total of 387 days of presentence custody credit. An amended abstract of judgment was issued to reflect the correction.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] See former section 4019 (Stats. 2009-2010, 3d Ex.Sess., ch. 28, § 50) which was effective from January 25, 2010 to September 28, 2010. Defendant was convicted of first degree residential burglary, a serious felony listed in section 1192.7, subdivision (c)(18), and thus subject to former section 4019, subdivision (c), not the more liberal formula of subdivision (b).

The following month defendant filed another motion to correct the award, again requesting conduct credits equaling 100 percent of his actual presentence time in custody. The trial court found the motion to be identical to the motion filed and denied in July 2012. The court nevertheless considered the renewed motion and it was denied. Defendant filed a timely notice of appeal from the denial of his second motion.

We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.